Richards, J.
This case was in this court once before, and on' that occasion, April 22, 1915, a judgment in favor of the railroad company was reversed and the case remanded to the court of common pleas. After the case was remanded to that court the plaintiff, Ferdinand Saner, filed an amended petition abandoning the claim for damages and asking only that the defendant be ejected from the premises.
The plaintiff is the owner of a portion of outlot number 156 in the city of Fremont, on which lot he had erected the foundation preparatory to the construction of a dwelling house. The defendant has constructed across his lot and over this foundation three high-tension wires, each carrying approximately 18,000 volts of electricity used in the operation of its electric railroad. After the plaintiff rested his case the court directed a verdict for the defendant on the ground that the plaintiff had a remedy by compelling the defendant to appropriate an easement over the lot for the construction and maintenance of its. wires. The sole question here is whether under these circumstances the plaintiff has the right of ejectment. .
It is said that the owner of the life estate had granted the right to the railroad company to erect and maintain these wires, but, however that may be, on the expiration of the life estate the right granted no longer existed.
We have had some difficulty in this case over the right of a person to maintain ejectment against a public service corporation engaged in the transportation of passengers and freight, and we are aware of the decisions which prohibit the sale of *240 a portion of a railroad, and likewise prohibit ejectment of a section of a railroad from a given piece of land, and holding that the remedy, in the one case, is to cause a sale of the whole roadj and that the remedy, in the other, is damages. But in the case now under consideration the claimed right of the company is simply for the maintenance of these three high-tension wires, and we think the rules announced ought not to be extended or. made applicable to this kind of a case, especially in view of the fact that these wires make a 'circuit of a considerable distance through the northerly portion of the city along a route away from the right of way of 'the defendant company. It is clearly no objection to plaintiff’s right to maintain ejectment to urge that no poles have been or will be actually erected by the defendant company upon the land of the plaintiff; for his land extends to the sky above, and his right to maintain ejectment is the same as if poles had actually been erected and were being maintained upon his land.
Holding that among the rights of the plaintiff is the right to maintain ejectment, the judgment will be reversed and the case remanded to the court of common pleas for further proceedings. We may suggest that if an order of ejectment should be granted in this case its execution should be suspended for such reasonable length of time as will allow the defendant company to readjust or reconstruct its lines of wires.

Judgment reversed, and cause remanded.

■Chittenden and Kinkade, JJ., concur.